UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C R PETERSON ASSOCIATES, INC.,
        PLAINTIFF

v.

KAREN WHITTY,
        DEFENDANT

Civil No. 14-11942

COMPLAINT

Parties

1.  The Plaintiff is a Massachusetts domestic business corporation with a principal place of business and mailing address of 355 Bodwell Street, Avon, Massachusetts.

2.  The Defendant, Ms. Karen Whitty, is a Massachusetts resident. Ms. Whitty has advertised, corresponded, and/or otherwise done business under unincorporated aliases to include "CR Peterson Hospitality Design," "CRP Hospitality Design," "CRPetersonHD," and "CRPHD."

3.  This Complaint is brought under this Court's federal question, commerce, trademark, and supplemental jurisdiction. 28 U.S.C. §§ 1331, 1337, 1338, & 1367; *see also* 15 U.S.C. § 1121(a).

4.  This Court has personal jurisdiction over the Plaintiff and Defendant because each maintains a presence and/or residence in the Commonwealth of Massachusetts.

5.  Venue is proper here because all parties reside in this judicial district, the Commonwealth of Massachusetts, where the substantial part of the pertinent events occurred. 28 U.S.C. §1391(b).

**Factual Background**

6. Plaintiff C R Peterson Associates, Inc. ("CRP") is a manufacturer's representative, and in that business assists a manufacturer in the selling of equipment and furniture to commercial foodservice establishments such as restaurants. CRP helps manufacturers sell their products to restaurants, then services both the selling manufacturer and the purchasing restaurant to ensure the smooth installation and use of the products. CRP typically receives commissions and/or residuals from sales it helps arrange, plus any other sales in its defined territory. CRP conducts interstate commerce as many of CRP's manufacturers are outside of Massachusetts, and CRP services customers through contracts in New England, with some additional nationwide and worldwide contracts.

7. Defendant Karen Whitty ("Whitty") previously worked at CRP. Her employment ended on December 31, 2012. Since departing CRP, Whitty continued to work in the same sales industry and capacities as CRP.

**Count I: False Designation of Origin (15 U.S.C. § 1125)**

8. Plaintiff incorporates all foregoing paragraphs as if fully stated herein.

9. CRP has used its full or partial name ("C R Peterson," "CR Peterson," or "C R Peterson Associates") since its inception in 1962. It has used its company initials ("CRP") in commerce for at least 29 years. The business name and initials CRP are non-functional and distinctive.

10. Since leaving CRP, Whitty continued to correspond with foodservice manufacturers and accounts with which CRP has a longstanding business relationship. Ms. Whitty advertised her services in the same industry since leaving CRP.

2

11. In continuing these contacts and advertisements after departing CRP, Whitty used several trade names, email addresses, websites, and a Twitter account that are substantially similar to, sometimes identical to, or incorporate CRP's distinctive marks.

12. Among the similar trade names used by Whitty are "CR Peterson Hospitality Design," "CRP Hospitality Design," "CRPetersonHD," email addresses "karen@crphd.com" and "karen@crpeterson.com," a Twitter account titled "@CRPHD," and website addresses "crpetersonhd.com" and "crphd.com."

13. In an advertisement on Whitty's Facebook page for her business, she describes her business venture:

> Welcome to CR Peterson's Facebook page. C.R. Peterson Associates has been in business for over 50 years as a premier manufactures rep group within the hospitality industry.
>
> CR Peterson Hospitality Design evolved over the last decade as a natural extension of CR Peterson Associates, fulfilling a need for quality furnishings within the hospitality industry.

That advertising message was available on the internet more than a year after Whitty's departure from CRP.

14. Whitty referred to CRP's actual P.O. Box and written address in Easton, MA in her business correspondence, further sowing confusion in the industry by making it appear there was some affiliation between her and CRP.

15. Whitty has corresponded with manufacturers and customers using telephone and email, the same channels of trade used by CRP. Her use of words, terms, name, and initials of and relating to CRP created a false designation of origin.

16. Whitty's actions are likely to cause confusion, and actually have caused mistake in the marketplace, by falsely portraying a connection between similar services

offered by CRP and Whitty. As CRP is not the origin, sponsor, nor approver of Whitty's services or business, Whitty has created a false designation of origin.

17. Similarly, Whitty's advertisements misrepresent the nature and characteristics of her services and commercial activities by implying that her services are related to CRP. As Whitty and CRP are not affiliated, Whitty has created a false designation of origin.

18. Whitty has caused actual confusion in the marketplace. Not less than five manufacturers or customers have contacted CRP to follow up on recent contacts with Whitty. These contacts often take the form of a customer directly contacting CRP, or including the president of CRP in email exchanges with Whitty, in the mistaken belief that Whitty still works for CRP. In at least one other instance, a manufacturer has remitted a commission payment to CRP, payable to CRP, with Karen Whitty as an additional notation on the check, again in the apparent misbelief that Whitty is part of CRP.

19. Because of Whitty's misleading advertising and correspondence in the same market, she has caused actual confounding of an appreciable number of reasonably prudent customers and manufacturers. This actual confusion occurred a number of times in just over a year, and resulted in manufacturers incorrectly writing checks to Whitty rather than CRP, resulting in actual damage to CRP from the confusion Whitty caused.

20. Whitty's repeated advertising and holding herself out as some CRP derivative like "CRPetersonHD," and referring to CRP's 50-year history in the industry, is clear evidence of Whitty's intent to trade on CRP's goodwill.

21. CRP's marks such as "C R Peterson" and "CRP" have secondary meanings because customers contact CRP and its agents, expecting to talk to the CRP organization. CRP is neither descriptive nor generic.

22. Manufacturers also have territories for which CRP is the regional manufacturer's representative, and is entitled to commissions for sales in the territory. Manufacturers have been misled by Whitty to make those regional commissions to her, thinking those commissions were going to CRP.

23. By conflating herself and her unrelated competing business venture with CRP, Whitty infringed on CRP's trademark and/or created a false designation of origin.

24. Whitty diluted CRP's mark by blurring and/or tarnishment.

WHEREFORE, Plaintiff CRP demands judgment against Defendant Karen Whitty in an amount to be proven at trial, plus costs, interest, attorney's fees, injunctive and declaratory relief, and other such relief as the Court may deem just.

**Count II: State Common Law Unfair Competition**

25. Plaintiff incorporates all foregoing paragraphs as if fully stated herein.

26. Whitty is palming off her own services as those of CRP.

27. By using its business name and initials in commerce, CRP's name and initials acquired a secondary meaning. By adopting derivative business names like "CRPetersonHD," and referring explicitly to CRP's long history in the business, Whitty showed a false affiliation and created a likelihood of confusion and actual confusion as to the source of her services.

28. By adopting business names derived from CRP's name, Whitty is likely to cause confusion as to the source of her services, attempting to deceive potential customers

5

or manufacturers into believing they are trading with CRP when, in fact, they are dealing only with Whitty.

WHEREFORE, Plaintiff CRP demands judgment against Defendant Karen Whitty in an amount to be proven at trial, plus costs, interest, attorney's fees, punitive damages, injunctive and declaratory relief, and other such relief as the Court may deem just.

**Count III: State Trademark Dilution (Mass. G.L. ch. 110H §13)**

29. Plaintiff incorporates all foregoing paragraphs as if fully stated herein.

30. Whitty diluted the CRP trademark.

WHEREFORE, Plaintiff CRP demands injunctive relief and declaratory judgment against Defendant Karen Whitty, and other such relief as the Court may deem just.

**Count IV: Money Had and Received**

31. Plaintiff incorporates all foregoing paragraphs as if fully stated herein.

32. Whitty misrepresented to CRP's counterparties the substance of CRP's contractual arrangements. Whitty convinced at least one manufacturer, Carroll Chair, to remit its CRP commissions to Whitty. Whitty similarly misled CRP, insisting that CRP's Carroll Chair contract was evenly split between Whitty and CRP. Upon examination of the contract with Carroll Chair it became clear that CRP is the entity that contracted with Carroll Chair. Whitty has no right to split CRP's commissions from Carroll Chair (or any other entity with a CRP contract).

33. Carroll Chair believes it paid C R Peterson $49,289.12 in commissions for 2013. In paying its 2013 CRP commissions, Carroll Chair remitted its check to Whitty.

34. Whitty paid a portion of those commissions over to CRP, but retained at least $34,203.57.

35. Whitty is believed to have received and retained CRP's commission payments from the manufacturer Domitalia for November and December, 2013.

36. Whitty has refused a demand to return to CRP its rightful commissions, and has wrongfully withheld money that rightfully belongs to CRP.

WHEREFORE, Plaintiff CRP demands judgment against Defendant Karen Whitty in an amount to be proven at trial, plus costs, interest, punitive damages, and other such relief as the Court may deem just.

**Count V: Conversion**

37. Plaintiff incorporates all foregoing paragraphs as if fully stated herein.

38. Whitty retained a key to CRP's U.S. Postal Service mailbox despite her departure from CRP. Whitty wrongfully used CRP's mailbox key to take CRP's mail.

39. Whitty wrongfully took and converted to her own uses CRP possessions to include, *inter alia*, commissions checks from the manufacturer Domitalia and payable to CRP for November and December, 2013.

40. To the extent Whitty has refused to return other monies due to CRP to include, without limitation, Carroll Chair commissions discussed *supra*, her refusal constitutes a conversion.

WHEREFORE, Plaintiff CRP demands judgment against Defendant Karen Whitty in an amount to be proven at trial, plus costs, interest, punitive damages, and other such relief as the Court may deem just.

**Count VI: Violation of Mass. G.L. ch. 93A**

41. Plaintiff incorporates all foregoing paragraphs as if fully stated herein.

42. Whitty used unfair methods of competition and/or deceptive acts or practices in her business. Whitty's unfair methods actually damaged CRP.

43. Whitty's unfair and/or deceptive acts were willful or knowing violations.

44. On February 14, 2014 CRP (by counsel) sent a demand letter to Whitty (by counsel), via email, certified mail, and U.S. first class mail. A true and accurate copy of the demand letter is attached hereto as Exhibit 1.[*] *See also* all exhibits to Exhibit 1 as factual support for many of the events described throughout this Complaint.

45. Whitty made no written tender of settlement in response to CRP's demand letter, and made no offer of settlement of any kind.

46. Demand is made for treble damages and attorney's fees.

WHEREFORE, Plaintiff CRP demands judgment against Defendant Karen Whitty in an amount to be proven at trial, treble damages, plus costs, interest, attorney's fees, punitive damages, injunctive and declaratory relief, and other such relief as the Court may deem just.

**Count VII: Interference with Business Relations**

47. Plaintiff incorporates all foregoing paragraphs as if fully stated herein.

48. Plaintiff had contracts with third party business to include, without limitation, Carroll Chair and Domitalia; Whitty was aware of those business relationships and interfered through improper motive or improper means, causing harm to Plaintiff to include loss of commissions as detailed *supra*.

---

[*] Financial account information has been partially redacted from Exhibits C & D to Exhibit 1, in accordance with the Court's CM/ECF Administrative Procedures, Procedure N (Privacy), p. 14 (July, 2011).

WHEREFORE, Plaintiff CRP demands judgment against Defendant Karen Whitty in an amount to be proven at trial, plus costs, interest, attorney's fees, punitive damages, injunctive and declaratory relief, and other such relief as the Court may deem just.

**Count VIII: Intentional Interference with Contractual Relationships**

49. Plaintiff incorporates all foregoing paragraphs as if fully stated herein.

50. Plaintiff had contracts with third party business to include, without limitation, Carroll Chair and Domitalia; Whitty was aware of those business relationships and intentionally interfered through improper motive or improper means, causing harm to Plaintiff to include loss of commissions as detailed *supra*.

WHEREFORE, Plaintiff CRP demands judgment against Defendant Karen Whitty in an amount to be proven at trial, plus costs, interest, attorney's fees, punitive damages, injunctive and declaratory relief, and other such relief as the Court may deem just.

**Count IX: Violation of Mass. G.L. Ch. 266 § 91**

51. Plaintiff incorporates all foregoing paragraphs as if fully stated herein.

52. Whitty promulgated deceptive or misleading advertisements, or other such statements that are prohibited by law.

WHEREFORE, Plaintiff CRP demands injunctive relief against Defendant Karen Whitty, and other such relief as the Court may deem just.

**Count X: Declaratory Judgment (28 U.S.C. § 2201)**

53. Plaintiff incorporates all foregoing paragraphs as if fully stated herein.

54. CRP maintains contracts with several manufacturers to include Domitalia and Carroll Chair.

55. By her actions, Whitty has been shown to be operating under the assumption that CRP's contracts with certain manufacturers, to include Domitalia and Carroll Chair, are instead personal to Whitty.

56. CRP requests this Court review the several contracts at issue, to include Domitalia and Carroll Chair, and declare the respective rights of CRP and Whitty to receive commissions, residuals, and any other payments that may be contractually due to either or both parties.

WHEREFORE, Plaintiff CRP demands declaratory relief against Defendant Karen Whitty, and other such relief as the Court may deem just.

**PRAYER FOR RELIEF**

1. Award money damages in an amount determined at trial, in excess of $34,203.57, exclusive of interest, and treble the damages pursuant to Mass. Gen. L. ch. 93A;

2. Award multiple, consequential, and punitive damages;

3. Award interest;

4. Award attorney's fees, costs, and disbursements of this action;

5. Issue declaratory and injunctive relief in favor of the Plaintiff against the Defendant; and,

6. Order such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

Dated this 25th day of April, 2014

/s/ Timothy E. Steigelman
Timothy E. Steigelman, BBO# 678579
Attorney for Plaintiff
KELLY, REMMEL & ZIMMERMAN
53 Exchange Street
P.O. Box 597
Portland, Maine 04112
(207) 775-1020 (telephone)
(207)773-4893 (facsimile)
tsteigelman@krz.com


/s/ Christian G. Samito
Christian G. Samito, BBO# 639825
Stefan L. Jouret, BBO# 656196
Attorneys for Plaintiff
JOURET & SAMITO LLP
One Center Plaza, Suite 220
Boston, MA 02108
(617) 523-0122 (telephone)
(617) 849-5585 (facsimile)
samito@jouretsamito.com
jouret@jouretsamito.com